IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRADY ALLEN DAVIS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-12-CV-2013-L |
| | § | |
| SHERIFF LUPE VALDEZ, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Grady Allen Davis, a Texas prisoner, against Dallas County Sheriff Lupe Valdez and two unnamed detention officers. On June 25, 2012, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on August 15, 2012. The court now determines that plaintiff should be permitted to prosecute his excessive force claim against the two unnamed detention officers. His claims against Sheriff Valdez should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

As best the court can decipher his complaint and interrogatory answers, it appears that

plaintiff was returned to the Dallas County Jail following a court hearing on January 14, 2012. (*See*

Plf. Compl. at 4, ¶ V).   Upon his arrival at the jail, plaintiff was allegedly assaulted without

provocation by two unidentified detention officers. (*See id.*; Mag. J. Interrog. #1, 8).   Plaintiff states

that the officers threw him into a wall and onto the floor, kicked him while he was on the ground,

and put him in an arm hold.   (*Id.*).   As a result of this alleged use of excessive force, plaintiff

sustained a broken rib, a dislocated elbow, and injuries to his right leg, right knee, and back.   (*Id.*).

In this lawsuit, plaintiff seeks money damages and other relief for the violation of his civil rights.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes

that the action:

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from
        such relief.

28 U.S.C. § 1915(e)(2)(B).   To state a claim upon which relief may be granted, plaintiff must plead

"enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with

enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).   While a complaint need not contain

detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to state a claim against Dallas County Sheriff Lupe Valdez. As a supervisor, Sheriff Valdez is liable only if she: (1) affirmatively participated in acts that caused a constitutional deprivation; or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *See Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2443 (1993). Plaintiff does not contend that the sheriff was personally involved in the alleged constitutional deprivations made the basis of this suit. (*See* Mag. J. Interrog. #5, 6). Instead, plaintiff alleges that the sheriff is responsible for the conduct of the detention officers who used excessive force against him and for failing to answer his grievances. (*See id.*). Such allegations do not give rise to supervisory liability under 42 U.S.C. § 1983. *See Mitchell v. Valdez*, No. 3-07-CV-0036-B, 2007 WL 1228061 at *2 & n.1 (N.D. Tex. Apr. 25, 2007) (citing cases) (sheriff not liable for actions of subordinates or for failing to respond to inmate grievances).

C.

That leaves plaintiff's excessive force claim against the two unnamed detention officers. In his complaint and interrogatory answers, plaintiff alleges that the officers threw him into a wall and onto the floor, kicked him while he was on the ground, and put him in an arm hold. As a result of this alleged use of excessive force, plaintiff sustained a broken rib, a dislocated elbow, and injuries

to his right leg, right knee, and back. (*See* Plf. Compl. at 4, ¶ V; Mag. J. Interrog. #1). These allegations are sufficient to avoid dismissal on initial screening.

Nor is the case subject to dismissal merely because plaintiff cannot identify the two detention officers who allegedly assaulted him. *See Cowart v. Dallas County Jail*, 439 Fed.Appx. 332, 333, 2011 WL 3759618 at *1 (5th Cir. Aug. 24, 2011) (summary dismissal not proper where failure of plaintiff to identify John Doe defendant was not the result of contumaciousness or an attempt to delay the proceedings). To assist in the identification of potential parties, the Dallas County District Attorney's Office, which presumably will represent the defendants if and when they are served, should be asked to provide the court with the names, job titles, genders, and physical descriptions of *all* detention officers who were involved in the use of force incident involving plaintiff on or about January 14, 2012. Upon receipt of this information, the court will send written interrogatories to plaintiff in order to obtain additional facts about his claims against each potential defendant.

## RECOMMENDATION

Plaintiff's claims against Dallas County Sheriff Lupe Valdez should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). His excessive force claim against the two unnamed detention officers should proceed. To assist plaintiff in identifying these defendants, the Dallas County District Attorney's Office should be asked to provide the court with the names, job titles, genders, and physical descriptions of *all* detention officers who were involved in the use of force incident involving plaintiff on or about January 14, 2012. Upon receipt of this information, the court will send written interrogatories to plaintiff in order to obtain additional facts about his claims against each potential defendant. If the Dallas County District Attorney is either unable or unwilling to provide this information, the court will have no alternative but to allow plaintiff to conduct discovery, which may necessitate the appointment of counsel.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  August 20, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE