IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRADY ALLEN DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-2013-L-BN |
| | § | |
| SHERIFF LUPE VALDEZ, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. *See* Dkt. No. 27. The undersigned issues the following findings of fact, conclusions of law, and recommendation on Defendants' motion for summary judgment [Dkt. No. 45].

**Background**

On or about January 13, 2012, Plaintiff was involved in an altercation with Dallas County Detention Service Officers Fernando Hernandez and Cody Hill. *See* Dkt. No. 3 at 4; Dkt. No. 12 at Question 7; Dkt. No. 23 at 2-3. According to Plaintiff's allegations, he was standing near the fingerprint section of the Dallas County Jail when he became engaged in a verbal confrontation with Officer Hernandez. *See* Dkt. No. 3 at 4; Dkt. No. 23 at 3. Plaintiff alleges that, without provocation, Officer Hernandez and Officer Hill grabbed Plaintiff, threw him into a wall, and then threw him onto the floor and that several officers began kicking him and "jumping up in the

air landing in [his] rib cage." Dkt. No. 3 at 4. Officer Hill then placed him in an arm lock and sadistically pulled upward, causing his elbow to be dislocated. *See id.*; *see also* Dkt. No. 12 at Questions 7 & 8. As a result of the assault, Plaintiff suffered a broken rib, dislocated right elbow, and injuries to his right leg, knee, and back. *See* Dkt. No. 12 at Question 8.

The Dallas County Jail has a two-step grievance process that is described in an inmate handbook provided to every inmate. *See* Dkt. No. 47-1 at 5; Dkt. No. 47-2 at 19-20. The grievance procedure is also broadcast on closed-circuit televisions located throughout the Jail. *See id.*

Plaintiff submitted a Step 1 grievance, challenging the conduct of the officers, on February 11, 2012, and the grievance was denied by the Dallas County Jail's Grievance Committee on March 13, 2012. *See* Dkt. No. 3 at 6; Dkt. No. 47-1 at 5 & 11-18. He did not file a Step 2 appeal from the denial of his grievance, as required by the Jail's administrative plan. *See* Dkt. No. 47-1 at 5-6. Instead, Plaintiff submitted a complaint to the Office of Internal Affairs and sent letters to the Dallas County District Attorney, his criminal defense attorney, and a television station. *See* Dkt. No. 56 at 2. Plaintiff claims that he was told by a Jail official that there is no form for a Step 2 grievance and that a fire marshal – not employed by the Dallas County Jail nor affiliated with the Dallas County Sheriff's Department – told him that no Step 2 appeal exists in the Dallas County Jail. *See id.*

Plaintiff now sues Officers Hernandez and Hill for the use of excessive force in

2

violation of the Eighth Amendment of the United States Constitution.[1] On April 30, 2013, Defendants filed a motion for summary judgment on grounds that (1) Plaintiff has failed to exhaust all administrative remedies, as required by the Prison Litigation Reform Act of 1995, and (2) all officers are entitled to qualified immunity because they did not violate Plaintiff's clearly established constitutional rights and acted as reasonable officers would have acted in the same or a similar situation. *See* Dkt. No. 45 at 2-3. Plaintiff then filed a motion seeking limited discovery on the issue of qualified immunity. *See* Dkt. No. 49. The undersigned granted in part, and denied in part, Plaintiff's discovery motion. *See* Dkt. No. 51. Plaintiff then filed a response to Defendants' motion for summary judgment. *See* Dkt. No. 56. Defendants have filed a reply brief, *see* Dkt. No. 58, and the motion is ripe for consideration.

## Legal Standards

A prisoner's failure to exhaust administrative remedies is an affirmative defense that Defendants must plead and prove. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Therefore, Defendants must establish beyond peradventure all of the essential elements of the defense of exhaustion of administrative remedies to warrant summary judgment in their favor. *See Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

---

[1] The undersigned notes that Plaintiff's claims may arise under the Due Process Clause of the Fourteenth Amendment in light of Plaintiff's status as a pretrial detainee on January 13, 2012. *See Valencia v. Wiggins,* 981 F.2d 1440, 1446 (5th Cir. 1993). However, the United States Court of Appeals for the Fifth Circuit has held that the same standard and protection apply to both pretrial detainees and convicted prisoners when the claim involves excessive force used to restore institutional order, whether the claim in analyzed as arising under the Eighth Amendment or the Fourteenth Amendment. *See id.* at 1446-47.

3

The Prison Litigation Reform Act (PLRA) requires the exhaustion of administrative remedies before an inmate may maintain a suit in federal court:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact. *See Dillon,* 596 F.3d at 266. While it is a question of law whether administrative remedies qualify as being "available" under 42 U.S.C. ¶ 1997e(a), availability may sometimes turn on questions of fact. *See id.*

"Under § 1997e(a), a prisoner must exhaust such administrative remedies as are 'available,' whatever they may be." *Alexander v. Tippah Cnty., Miss.*, 351 F.3d 626, 630 (5th Cir. 2003). The United States Supreme Court has "held that to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules – rules that are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to properly exhaust." *Jones,* 549 U.S. at 218 (internal quotation marks and citations omitted); *accord Kidd v. Livingston*, 463 F. App'x 311, 313 (5th Cir. 2012) ("It is the prison's requirements, not

4

the Prison Litigation Reform Act, that define the requirements of exhaustion"); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) ("Nothing in the Prison Litigation Reform Act, however, prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems" (footnote omitted)). But "mere 'substantial compliance' with administrative remedy procedures does not satisfy exhaustion; instead, [the United States Court of Appeals for the Fifth Circuit has] required prisoners to exhaust available remedies properly." *Dillon*, 596 F.3d at 268. The Supreme Court has held that the exhaustion requirement requires "proper exhaustion," meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).

"In determining exhaustion under the PLRA, [the Court looks] to the processes established by the prison and the parties' use of these processes...." *Moussazadeh v. Texas Dep't of Crim. Justice*, 703 F.3d 781, 788 (5th Cir. 2012). The Fifth Circuit has noted that "[a]ll of [its] previous cases upholding dismissals under § 1997e have involved a failure to file grievances at all or a failure to see the administrative review process through to its conclusion." *Id.* at 789-90.

## Analysis

The Court must therefore determine whether Plaintiff has properly exhausted the administrative remedies available at the Dallas County Jail. If, as Defendants urge, he did not fully exhaust administrative remedies, he may not prosecute his civil

5

rights claims for excessive force, Defendants' motion for summary judgment must be granted, and Plaintiff's case must be dismissed.

The parties agree, and the summary judgment evidence establishes, that Plaintiff submitted a Step 1 grievance, as required by the two-step process employed by the Dallas County Jail. *See* Dkt. No. 3 at 6; Dkt. No. 12 at Question 1; Dkt. No. 47-2 at 14-18. It is also undisputed that Plaintiff did not file a Step 2 appeal challenging the denial of his Step 1 grievance, as required by the Jail rules. *See* Dkt. No. 47-1 at 5-6; Dkt. No. 56 at 2.

The only issue, then, is whether Plaintiff is excused from compliance with Step 2 of the Dallas County Jail's grievance system. That is, the Court must determine whether Plaintiff may proceed with his lawsuit despite his failure to exhaust Step 2 of the grievance process because that step was "unavailable" for purposes of Section 1997e. *See Trigg v. Wiginton*, No. 3:10-cv-1962-B-BN, 2013 WL 230365, at *4 (N.D. Tex. Jan. 2, 2013), *rec. adopted*, 2013 WL 238918 (N.D. Tex. Jan 18, 2013). If prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, or refuse to provide a prisoner with the forms required to exhaust administrative remedies, then those remedies are not "available" to the prisoner. *See id.* (citing *Aceves v. Swanson*, 75 F. App'x 295, 296 (5th Cir. 2003) & *Dillon*, 596 F.3d at 268).

Plaintiff alleges in his response to Defendants' summary judgment motion that he requested a Step 2 grievance form from an officer at the Dallas County Jail, but that the officer told him that "Dallas County does not have a Step 2 form." *See* Dkt. No. 56

6

at 2. Plaintiff also contends that a fire marshal walking through the tank at the Dallas County Jail told him that "there wasn't a step 2 grievance for Dallas County." *Id.* Therefore, Plaintiff urges the Court to find that he has fully exhausted administrative remedies because Step 2 was unavailable. *See id.*

Initially, Plaintiff has submitted no competent evidence to establish his claim that the Step 2 grievance process was unavailable. In summary judgment, the parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir. 1992). The verified complaint and sworn interrogatory answers of a *pro se* litigant can be considered as summary judgment evidence to the extent that such pleadings comport with the various requirements of Fed. R. Civ. P. 56. *See King v. Dogan,* 31 F.3d 344, 346 (5th Cir. 1994). However, a *pro se* litigant's unsworn pleadings are not competent summary judgment evidence. *See Johnston v. City of Houston,* 14 F.3d 1056, 1060 (5th Cir. 1994) ("'Unsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence.'" (quoting *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991))).

The only proper summary judgment evidence in the record establishes that Plaintiff did not exhaust administrative remedies by submitting a Step 2 appeal and does not prove a justification for such failure. But, even if the Court were to consider as summary judgment evidence Plaintiff's unsworn claims – that Plaintiff was informed by a Jail employee that there was no Step 2 form and that Plaintiff was informed told by a fire marshal that no Step 2 appeal existed at Dallas County – he has

7

not established that his failure to fully exhaust administrative remedies is excused. That is, as a matter of law, he did not exhaust all available administrative remedies as required by the PLRA.

It is by now well settled that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary." *Gonzalez v. Seal*, 702 F.3d 785, 787 (5th Cir. 2012). The Fifth Circuit takes a "'strict' approach to the PLRA's exhaustion requirement," *Dillon*, 596 F.3d at 268, and "[d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint" and "have no discretion to waive the PLRA's pre-filing exhaustion requirement," *Gonzalez*, 702 F.3d at 788. The Supreme Court has refused to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). The pertinent inquiry is not whether the prisoner has pursued his administrative remedies reasonably and in good faith but whether he has exhausted all remedies that are available. *See Underwood v. Wilson*, 151 F.3d 292, 294 (5th Cir. 1998) (abrogated in part by *Jones,* 549 U.S. at 214 (abrogating the holding in *Underwood* that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust)).

Here, Plaintiff has clearly failed to exhaust all of the remedies that were available to him. This is not a case where Plaintiff was prevented, thwarted, or otherwise deterred from filing a Step 2 appeal by prison authorities so as to make administrative exhaustion unavailable. *See Dillon*, 596 F.3d at 268; *see also Aceves*, 75 F. App'x at 296. That a prison official told Plaintiff that no Step 2 form exists – which

8

is a true statement of fact – did not prevent Plaintiff from properly appealing the denial of his Step 1 grievance. Plaintiff's ignorance of the rules requiring a Step 2 grievance, or the form that such grievance should take, simply does not excuse his noncompliance. *See Aguirre v. Dyer*, 233 F. App'x 365, 366 (5th Cir. 2007) ("Aguirre's ignorance of the rules requiring a Step 2 grievance does not excuse his noncompliance") (citing *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)); *see also Watson v. Hughes*, 439 F. App'x 300, 301 (5th Cir. 2011) (refusing to excuse a prisoner's failure to follow a two-step grievance procedure where the plaintiff believed that he had to wait until an informal investigation concluded and was told that grievance forms were unavailable).

Plaintiff does not contend that he was told by prison authorities that he should not appeal, did not have the right to appeal, or should pursue an incorrect avenue to remedy his grievances. *See Castro v. Crawfoot*, 102 F. App'x 852, 854 (5th Cir. 2004). Instead, he claims that printed forms were not made available and that an individual who was not employed by the Jail told him that no such process existed. *See* Dkt. No. 56 at 2. However, details of the administrative grievance process were available to all inmates through the inmate handbook and via closed circuit televisions throughout the facility. *See* Dkt. No. 47-1 at 5-6. The administrative remedies were available to Plaintiff, but he failed to fully utilize them.

The undisputed summary judgment evidence establishes conclusively that Plaintiff failed to exhaust the Jail's administrative remedies and, as a matter of law, they were not made unavailable by any wrongdoing by prison officials. Accordingly, the

Court should grant Defendants' motion for summary judgment on this basis. In light of this recommendation, the Court need not address the qualified immunity claims advanced in Defendants' motion.

### Recommendation

The undersigned concludes that Defendants have proved beyond peradventure that they are entitled to the affirmative defense of exhaustion of administrative remedies – that is, Defendants have proved beyond peradventure that Plaintiff failed to properly exhaust the administrative remedies that were available to him – and therefore recommends that Defendants' motion for summary judgment [Dkt. No. 45] be granted and Plaintiff's case be dismissed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 1, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE