IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GRADY ALLEN DAVIS,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:12-CV-2013-L** |
| | § | |
| **SHERIFF LUPE VALDEZ;** | § | |
| **FERNANDO HERNANDEZ;** | § | |
| **AND CODY HILL,** | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the court is Defendants Hernandez and Hill's Motion for Summary Judgment on the Issues of Exhaustion and Qualified Immunity (Doc. 45), filed April 30, 2013. Plaintiff, who is proceeding *pro se*, brought this action alleging various claims against Sheriff Lupe Valdez and two unnamed Dallas County detention officers, who were later identified as Fernando Hernandez ("Hernandez") and Cody Hill ("Hill"). Plaintiff alleges that, while incarcerated, he was assaulted by Hernandez, Hill, and other officers after engaging in a verbal confrontation with Hernandez and suffered injuries as a result of the physical assault. The claims against Sheriff Lupe Valdez were previously dismissed with prejudice. Accordingly, only Plaintiff's claims against Hernandez and Hill remain.

In their motion for summary judgment, Hernandez and Hill ("Defendants") contend that they are entitled to judgment on Plaintiff's claims against them for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act in that Plaintiff failed to file a Step Two appeal from the denial of grievance. Defendants contend, in the alternative, that the evidence does

not establish that they violated Plaintiff's constitutional rights by subjecting him to excessive force or that their actions were objectively unreasonable under clearly established law, and they are entitled to qualified immunity. On September 20, 2013, Plaintiff filed a response to the summary judgment motion to which Defendants replied on October 9, 2013.

On November 11, 2013, Magistrate Judge David L. Horan entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that Defendants' summary judgment motion be granted on the grounds that Plaintiff failed to exhaust administrative remedies. The magistrate judge therefore determined that he need not reach Defendants' alternative ground of qualified immunity. Plaintiff filed objections to the Report, contending again that he was told by "two employees" at the jail and a fire marshal that there is no Step Two in the grievance procedure. Pl.'s Obj. 4. He also disputes receiving the inmate handbook containing information regarding the grievance process and contends that he was not aware that information in this regard was available to inmates on television because he does not watch television.

Plaintiff's arguments are not supported by any competent summary judgment evidence, and Plaintiff's *pro se* status does not relieve him from adhering to the Federal Rules of Civil Procedure applicable to summary judgment. The court therefore **overrules** the objections. After reviewing the pleadings, file, and record in this case, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court. Accordingly, the court **grant**s Defendants Hernandez and Hill's Motion for Summary Judgment on the Issues of Exhaustion and Qualified Immunity (Doc. 45) and **dismisses with prejudice** this action and the claims against Defendants Fernando Hernandez and Cody Hill. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, the court will enter a judgment by separate document.

**It is so ordered** this 25th day of November, 2013.

_____
Sam A. Lindsay
United States District Judge