IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRADY ALLEN DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-2013-L-BN |
| | § | |
| SHERIFF LUPE VALDEZ, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff's motion for an extension of time in which to file a notice of appeal has been referred to the undersigned United States magistrate judge for a recommendation pursuant to 28 U.S.C. § 636(b) and an order of reference. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

This action was dismissed by the Court's judgment entered on November 25, 2013. *See* Dkt. No. 63. Plaintiff filed a notice of appeal that was entered on January 9, 2014. *See* Dkt. No. 65. He acknowledges that the notice is untimely and asks the Court to accept his late notice of appeal. *See id.* Defendants have not filed an opposition to Plaintiff's request, and their time to do so has passed.

**Legal Standards**

A notice of appeal in a civil case must be filed with the district clerk "within 30 days after entry of the judgment or order appealed from." FED. R. APP. P. 4(a)(1)(A). However, a district court may extend the time for filing a notice of appeal if:

    (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

    (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

FED. R. APP. P. 4(a)(5)(A). The Federal Rules provide that "[n]o extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." FED. R. APP. P. 4(a)(5)(C). In determining whether a party has made a showing sufficient to warrant an extension of time, the Court may consider "(1) 'the possibility of prejudice to the other parties,' (2) 'the length of the applicant's delay and its impact on the proceeding,' (3) 'the reason for the delay and whether it was within the control of the movant,' and (4) 'whether the movant has acted in good faith.'" *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012) (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 in reviewing an order by the district court granting an extension of time in which to file objections to a magistrate judge's recommendation).

## Analysis

    Judgment was entered on November 25, 2013. *See* Dkt. No. 63. The deadline for filing Plaintiff's notice of appeal therefore was December 26, 2013. *See* FED. R. APP. P. 4(a)(1)(A); FED. R. APP. P. 26(a)(1)(C) (if the last day of a time period specified in the Rules is a legal holiday, the time period runs through the following business day).

    A notice of appeal submitted by an inmate, such as the Plaintiff in this case, is considered filed on the date the notice is tendered to prison officials for mailing. *See*

FED. R. APP. P. 4(c)(1). Plaintiff's notice of appeal was signed on January 2, 2014. *See* Dkt. No. 65. Assuming that he tendered the notice of appeal to prison officials that day, Plaintiff's notice was seven days late. In any event, Plaintiff tendered the notice of appeal some time before it was docketed on January 9, 2014, and the notice and accompanying motion were therefore filed no later than 30 days after the time prescribed by Rule 4(a) expires and therefore eligible for an extension under Rule 4(a)(5)(A).

On December 5, 2013, the Court received a notice of change of address from Plaintiff. *See* Dkt. No. 64. In that notice, Plaintiff states that he was moved to the McConnell Unit in Beeville, Texas on November 20, 2013. *See id.* Although the move date pre-dates the judgment in this case, there is no indication on the record that the judgment was re-mailed to Plaintiff at his new address.

Considering the timing of Plaintiff's move, which was out of his control, and the short delay in filing the notice of appeal, the undersigned finds that there was good cause for Plaintiff's untimely filing. The undersigned further finds no indication of the possibility of prejudice to other parties and that it does not appear that Plaintiff has acted in bad faith.

**Recommendation**

The Court should grant Plaintiff's motion for an extension of time in which to file a notice of appeal and allow Plaintiff a 30-day extension of time in which to file his notice of appeal, which would make his Notice of Appeal signed on January 2, 2014 and docketed on January 9, 2014 timely under Federal Rule of Civil Procedure 4(a).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 6, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE