IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRADY ALLEN DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-2013-L-BN |
| | § | |
| DSO F. HERNANDEZ AND DSO CODY HILL, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Following the United States Court of Appeals for the Fifth Circuit's decision reversing the summary judgment entered in this case in favor of Defendants, on the basis that Plaintiff Grady Allen Davis failed to fully exhaust his administrative remedies, *see Davis v. Hernandez*, 798 F.3d 290 (5th Cir. 2015), this matter was remanded for further proceedings, and United States District Judge Sam A. Lindsay has ordered that the case be reopened and recommitted to the undersigned United States magistrate judge for pretrial management, *see* Dkt. No. 83.

Because the Court improvidently granted Davis leave to proceed *in forma pauperis* ("IFP"), and because Davis has neither responded to the Court's show cause order concerning that issue, nor provided the Court with a current mailing address, nor otherwise communicated with the Court since this case was remanded, the undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court revoke Davis's IFP status and also dismiss this case

without prejudice for Davis's failure to prosecute and obey orders of the Court.

## Background

In July 2012, the Court granted Plaintiff leave to proceed IFP. *See* Dkt. No. 6. He was also granted leave to proceed IFP on appeal. *See* Dkt. No. 79. But a prisoner may not proceed IFP if, while incarcerated or detained in any facility, he has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g). Prior to filing this action, Plaintiff incurred at least three such "strikes," through dismissals of three actions that he filed in the Wichita Falls Division of the Northern District of Texas while incarcerated. *See Davis v. Wathen*, No. 7:06-cv-51, Dkt. Nos. 5 & 6 (N.D. Tex. May 17, 2006) (dismissing his civil rights claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Davis v. Moneyham*, No. 7:06-cv-88, Dkt. Nos. 5 & 6 (N.D. Tex. June 6, 2006) (dismissing his civil rights claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Davis v. Dretke*, No. 7:05-cv-235-R, Dkt. Nos. 31 & 32 (N.D. Tex. Apr. 23, 2008) (dismissing his complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)).[1]

This issue came to the undersigned's attention after the case was remanded by the Fifth Circuit. Given that procedural posture, the Court issued an order on November 9, 2015, requiring Davis to respond in writing no later than December 1,

---

[1] The Texas Department of Criminal Justice identification number associated with Davis in these three actions – TDCJ No. 1226733 – corresponds with a previous TDCJ number listed for Davis on the inmate trust account that Davis submitted in support of his motion for leave to appeal IFP in this action. *See* Dkt. No. 68 at 3.

2015 to show cause why the Court should not revoke his IFP status and order him to pay the full filing fee of $400. *See* Dkt. No. 86. Acknowledging the posture of this case, the Court also invited Defendants to share their view on this issue (by no later than December 15, 2015). *See id.* Neither side responded to the Court's order. And all three of the Court's orders entered since remand, sent to the last address that Davis provided, have been returned as undeliverable to Davis. *See* Dkt. Nos. 87, 88, & 89 (indicating that Davis has been discharged).

**Legal Standards and Analysis**

<u>IFP</u>

The only exception to the "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To meet the "imminent danger" requirement of Section 1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.* "Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Id.* "'General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).'" *Id.* (quoting *Niebla v. Walton Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)). No such present imminent harm allegations are made in this action.

More broadly,

> "[IFP] status is not a constitutional right," but rather a "congressionally created benefit" which can be "extended or limited by Congress." Section 1915(g) presents no unconstitutional burden to a prisoner's access to the courts: the provision does not "prevent prisoners ... from filing civil actions, it merely prohibits them from enjoying *in forma pauperis* status."

*Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) (per curiam) (respectively quoting *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999); *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997); original brackets omitted).

In *Polanco*, the United States Court of Appeals for the Second Circuit effectively affirmed the district court's decision to revoke, on defendants' motion, its previous determination permitting the plaintiff to proceed IFP. *See id.* at 154-55, 157. Similarly, the Fifth Circuit has rescinded, as improvidently granted, district courts' orders allowing a defendant to proceed IFP on appeal where defendants "had at least three 'strikes' within the meaning of [Section] 1915(g) when [they] filed the instant lawsuit and [failed to] argue that [they were] under imminent danger." *E.g.*, *Pitre v. James*, No. 00-20032, 2000 WL 34505398, at *1 (5th Cir. June 15, 2000) (per curiam). Indeed, as one court has observed,

> [a]n inmate's *in forma pauperis* status may be revoked at any time if the court, either *sua sponte* or on a motion, determines that the status was improvidently granted. *See, e.g., Lewis v. Burger King*, 398 F. App'x 323 (10th Cir. 2010) (a court can revoke a grant of *in forma pauperis* if it later appears that the litigant had sufficient funds at the time (s)he filed the complaint); *see also Harris v. City of New York*, 607 F.3d 18, 23 (2d Cir. 2010) ("the three strikes rule is not an affirmative defense that must be raised in the pleadings [–] district courts may apply the three strikes rule *sua sponte*") (citing *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 435-36 (D.C. Cir. 2007), and *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005)); *accord Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996) ("Leave to proceed [*in forma pauperis* ] is a privilege, not a right[,] courts

>   have the discretion to revoke that privilege when it no longer serves its goals") (citation omitted).

*Royal v. Rutherford Police*, Civ. A. Nos. 11-4862(CCC), 11-5248(CCC), 11-7149(CCC), & 12-1640(CCC), 2012 WL 1551338, at *2 n.4 (D.N.J. Apr. 27, 2012).

Against this framework, the undersigned recommends that the Court revoke Davis's IFP status, which was improvidently granted given Davis's litigation history in the Wichita Falls Division of this Court prior to Davis's filing this action.

<u>Failure to Prosecute</u>

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))).

And, as this Court has observed more than once, "[w]here months pass without any contact by a plaintiff and all mail sent to a plaintiff within the same time period – at the only address plaintiff provides – is returned as undeliverable, the court has no option but to conclude that plaintiff has abandoned the prosecution of his lawsuit." *E.g., Beck v. Westbrook*, No. 3:14-cv-2364-B, 2015 WL 7241377, at *2 (N.D. Tex. Oct. 6, 2015), *rec. adopted*, 2015 WL 7196340 (N.D. Tex. Nov. 16, 2015) (citing *Wingert v.*

*Lebanon Cnty. Corr. Facility Med. Dep't*, No. 3:cv-07-0224, 2007 WL 674508, at *1 (M.D. Pa. Feb. 28, 2007)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). "Several" of the following four factors generally must be present before a district court may dismiss an action with prejudice based on a litigant's refusal to follow a court order:

> (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the [Court's] order must be attributable to the client instead of the attorney, (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.

*Doe v. American Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008) (per curiam) (quoting *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994); other citations omitted); *see also Clewis v. Medco Health Solutions, Inc.*, No. 3:12-cv-5208-L, 2014 WL 840026, at *6 (N.D. Tex. Mar. 4, 2014) (distinguishing *Berry* – in which the Fifth Circuit stated, "Generally, where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion." 975 F.2d at 1191 n.6 (citations omitted) – because "[i]n *Berry*, the plaintiff's conduct was merely negligent, and he had not been warned by the court prior to dismissal," whereas Clewis's conduct was "intentional and willing").

By failing to respond to the show cause order and keep the Court updated as to

his current address, Davis has prevented this action from proceeding and, therefore, he has failed to prosecute his lawsuit and obey the Court's order. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Davis decides to provide the Court with his current address and/or otherwise comply with the Court's orders. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending case and *sua sponte* dismiss this action without prejudice.

## Recommendation

The Court should revoke Davis's IFP status and *sua sponte* dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b). If, however, within 14 days of the date of this recommendation, Davis contacts the Court, the Court should refer this action back to the undersigned for further consideration.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 5, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE